UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62276-BLOOM/Valle

CHARITY PEARROW, *as Personal Representative of the Estate of Marina Ralph, a deceased minor*,

    Plaintiff,

v.

ESA P PORTFOLIO L.L.C., et al.,

    Defendants.

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE DEFENDANT'S MOTION TO DISMISS**

Justin D. Grosz
Florida Bar No. 984000

JUSTICE FOR KIDS®
A Division of Kelley Kronenberg

10360 W. State Road 84 | Fort Lauderdale | Florida | 33324 | Tel. (754) 888-KIDS (5437) | Fax (954) 644-4848 | Toll Free 844-4KIDLAW
justiceforkids.com

## Table of Contents

Table of Authorities………………………………………………………………………..3-5

Introduction….………………………………………………………………………………6

Memorandum of Points and Authorities……………………………………………………7
     I.     Legal Standard…………………………………………………………………7
     II.    Applicable Law………………………………………………………………….7
     III.   Argument………………………………………………………………………..8

          a.  Proximate Causation ....................................................................................8

          b.  Knowledge ................................................................................................12

    IV. Defendants' References to Factual Allegations are Misleading……………………..15
    V.  Defendants' Cases are Inapposite and Unpersuasive……………………………...16

Conclusion ...................................................................................................................................17

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662,129 S.Ct. 1937 (2009) ……………………………………….........7, 12

*Baptista v. Carnival Corp.*,
    No. 1:17-cv-22115, 2017 WL 9049155, at 1 (S.D. Fla. Dec. 6, 2017) ……………..….8

*Bell v. Beyel Bros., Inc.*,
    No. 2:16-CV-14461, 2017 WL 1337267 (S.D. Fla. Apr. 7, 2017) ……...………………11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544; 127 S.Ct. at 1955………………………………….......…7, 8, 12

*Belik v. Carlson Travel Grp., Inc.*,
    864 F. Supp. 2d 1302 (S.D. Fla.2011).…………………..…………………………...8

*Brown v. Oceania Cruises, Inc.*,
    No. 17-22645-CIV, 2017 WL 10379580 (S.D. Fla. Nov. 20, 2017)……..…………...9, 11

*Bryan v. Galley Maid Marine Prod., Inc.*,
    287 So.3d 1281 (Fla. 4th DCA 2020) ………………………………………………8

Carideo v. Whet Travel, Inc.,
    No. 16-23658- CIV, 2018 WL 1461678 (S.D. Fla. March 23, 2018)……………..….13

Chaparro v. Carnival Corp.,
    693 F.3d 1333 (11th Cir. 2012) ……………………………………….…..12

Erie R. Co. v. Tompkins,
    304 U.S. 64, 58 S.Ct. 817 (1938) ……………………………………………….7

Franza v. Royal Caribbean Cruises, Ltd.,
    772 F.3d 1225 (11th Cir. 2014) …………………………………………………11

Fritsch v. Rocky Bayou Country Club,
    799 So.2d 433 (Fla. 1st DCA 2001)…………………………...…………………17

Gasperini v. Ctr. for Humanities, Inc.,
    518 U.S. 415, 116 S.Ct. 2211(1996) ………………………………….…….7

*Golden v. City of Columbus*,
   404 F.3d 950 (6th Cir. 2005) …………………………………………………..…..7

*Green Companies v. Divincenzo,*
   432 So.2d 86 (Fla.3d DCA 1983)……………..…………………………………….14

*GSW, Inc. v. Long Cty., Ga.,*
   999 F.2d 1508 (11th Cir. 1993) ………...………………………………………..…7

*Hung Kang Huang v. Carnival Corp.,*
   909 F. Supp. 2d 1356 (S.D. Fla. 2012) …………………………………………….11

*Hunt v. Aimco Properties, L.P.,*
   814 F.3d 1213 (11th Cir. 2016)………..…………………………………………….8

*Keefe v. Bahama Cruise Line, Inc.*,
   867 F.2d 1318 (11th Cir. 1989)…………………………………………………….13

*Las Olas Holding Co. v. Demella*,
   228 So.3d 97 (Fla. 4th DCA 2017)…………..……………………………...………... 17

*Marabella v. NCL (Bahamas), Ltd.,*
   437 F. Supp. 3d 1221 (S.D. Fla. Feb. 3, 2020)…………………………………...…8,11

*McCain v. Florida Power Corp.*,
   593 So.2d 500 (Fla. 1992)…………………………………………………………11, 12

*Miller By & Through Miller v. Foster,*
   686 So.2d 783 (Fla. 4th DCA 1997)…………………………………………………..8

*Molinos Valle Del Cibao, C. por A. v. Lama,*
   633 F.3d 1330 (11th Cir. 2011) …………..…………………………………..……….8

*Oliver v. Winn-Dixie Stores, Inc.*,
   291 So. 3d 126 (Fla. 4th DCA 2020) …………………………………………...…16, 17

*Orlando Executive Park, Inc. v. P.D.R.,*
   402 So.2d 442 (Fla.5th DCA 1981) ………………………………………………..14

*Randall v. Scott,*
   610 F.3d 701 (11th Cir. 2010) ……..………………..………………………….8, 9

Rios v. Junco,
    487 So. 2d 331 (Fla. 3rd DCA 1986)……………………………………………………..12

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
    253 F.3d 678 (11th Cir.2001) …..………………………………………………………..…..9

*Smith v. United States,*
    497 F.2d 500 (5th Cir. 1974) …....…………………………………………………………….11

*Speaker v. U.S. Dep't of Health & Human Servs. Ctrs for Disease Control & Prevention*,
    623 F.3d 1371 (11th Cir. 2010) …...…..………………………………………...………..…………7

*Stevens v. Jefferson,*
    436 So.2d 33 (Fla.1983)………………………………………………………………………14

*Vermont Mutual v. Conway*,
    358 So.2d 123 (Fla. 1st DCA 1978)……………………………………………………..…..17

*Vining v. Avis Rent-A-Car Systems, Inc.*,
    354 So.2d 54 (Fla. 1977)……………………………………………………………………12

Winn-Dixie Montgomery, Inc. v. Petterson,
    291 So.2d 666 (Fla. 1st DCA 1974)…………………………………………………….…..17

**Statutes**:

§§787.06, Fla. Stat. (2021).…………………………………………………………………………..15

§§794.011, Fla. Stat. (2021).………………………………………………………..……………..15

§§794.05, Fla. Stat. (2021).…………...……………………………………………………………15

§§796.001(2)(e), Fla. Stat. (2021).………….....……………………………………………………15

§§796.07, Fla. Stat. (2021).…………...……………………………………………………………15

Restatement (Second) of Torts § 344 (1965)……………………………………...……………14, 15

Restatement (Second) of Torts §435 (1965)…………………………………………………..12

Plaintiff Charity Pearrow, as the Personal Representative of the Estate of Marina Ralph, pursuant to Fed. R. Civ. P. 8, 12(b)(6) and Local Civ. R. 7.1, hereby respectfully files this response in opposition to Defendants Extended Stay America, LLC and ESA P. Portfolio, L.L.C.'s Motion to Dismiss.

## INTRODUCTION

On October 4, 2019, sixteen-year-old Marina Ralph died, unclothed from the waist down, in Defendants' hotel room.[1] She was found alone on the floor.[2] Her body had been moved and staged after her death, within Defendants' hotel.[3] The doorjamb to the bathroom was broken, as though it had been kicked in.[4] The room was one of two rented by a white female with a stolen credit card and stolen identification.[5] Both rooms were rented for five days each, by the same white female with the same stolen credit card.[6] The evening before Marina's body was discovered, the on-duty manager saw two suspicious males – neither of whom were the registered guests – going back and forth between the two rooms yet took no action to investigate.[7] These facts, and others plead throughout the Complaint as discussed below, detail Marina's tragic and unnecessary death which was proximately caused by the Defendants' acts and omissions. In a contorted effort to avoid responsibility the Defendants misstate Plaintiff's allegations and misapply the law, selectively ignoring Plaintiff's well-plead claims. The Defendants are not entitled to dismissal and their motion should be denied.

---

[1] Plaintiff's Complaint, ¶7-8,90
[2] Plaintiff's Complaint, ¶88-89
[3] Plaintiff's Complaint, ¶96
[4] Plaintiff's Complaint, ¶95
[5] Plaintiff's Complaint, ¶99-106
[6] Plaintiff's Complaint, ¶103
[7] Plaintiff's Complaint, ¶114-115

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

I.  **LEGAL STANDARD**

A motion to dismiss must be denied unless it "appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)(italics supplied); *see also, GSW, Inc. v. Long Cty., Ga., 999 F.2d 1508, 1510 (11th Cir. 1993)*(citation omitted). A Rule 12(b)(6) motion tests the sufficiency of the complaint against Rule 8's legal standard, which requires that pleadings contain sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court must accept all factual allegations of the complaint as true and construe the complaint, broadly and liberally, drawing all reasonable inferences in favor of the Plaintiff. *Id.*; *see Speaker v. U.S. Dep't of Health & Human Servs. Ctrs for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). While certainly empowered to dismiss causes of action for the "failure to state a claim upon which relief can be granted," Federal Courts should not entertain such motions where they are brought as "a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).

II.  **APPLICABLE LAW**

Under the *Erie* doctrine,[8] federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). And, in so doing, look to the highest state court for guidance. *Molinos*

---

[8] *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Plaintiff's Response in Opposition to Defendants' Motion to Dismiss
Page | 8

*Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011). It is without dispute that the relevant state law, here, is Florida negligence law and under Florida law, a claim for negligence is sufficiently plead where the allegations establish: "(1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to Plaintiff." *Bryan v. Galley Maid Marine Prod., Inc.*, 287 So.3d 1281, 1285 (Fla. 4th DCA 2020); *see also Miller By & Through Miller v. Foster*, 686 So.2d 783 (Fla. 4th DCA 1997); *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1308 (S.D. Fla. 2011).

### III. ARGUMENT

Defendants seek dismissal contending the Complaint fails to sufficiently allege: (1) proximate causation [9] and (2) superior knowledge of the danger. [10] Neither contention has merit, and each is addressed in turn, below.

#### a. Proximate Causation

The Federal Rules of Civil Procedure <u>do not</u> require an ultra-heightened pleading standard to allege proximate causation. *See Marabella v. NCL (Bahamas), Ltd.*, 437 F. Supp. 3d 1221 (S.D. Fla. Feb. 3, 2020). "Rather, **notice** pleading is the governing standard for Plaintiff to set forth her negligence cause of action." *Id.* (emphasis supplied), *see also Baptista v. Carnival Corp.*, No. 1:17-cv-22115, 2017 WL 9049155, at 1 (S.D. Fla. Dec. 6, 2017). "At the pleading stage, the *relevant* question is whether the complaint provides 'a short and plain statement of the claim' that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Hunt*

---

[9] Defendants' Motion, ECF No. 5, p. 9, ¶B
[10] Defendants' Motion, ECF No. 5, p. 11, ¶C

Plaintiff's Response in Opposition to Defendants' Motion to Dismiss
Page | 9

*v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016); *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). Notice pleading does not require "specific facts to cover every element nor pleading 'with precision' as to each element," though both are present here. *See Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001). Where the Complaint contains "**either direct <u>or</u> inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory**," the pleading is sufficient and a motion to dismiss must be denied. *See Brown v. Oceania Cruises, Inc.*, No. 17-22645-CIV, 2017 WL 10379580, at 5 (S.D. Fla. Nov. 20, 2017) (emphasis supplied).

The Complaint sets out the following specific factual allegations:

Marina Ralph was a minor child who was recruited into the world of human sex trafficking and commercial sexual exploitation.[11] The trafficking was occurring at the Defendants' hotel.[12] Provocative photographs were taken of Marina and posted on List Crawler, advertising that Marina was available for "incalls" and stating "i wanna get naughty for you."[13] Marina expressed fear of the men who were involved in the trafficking at the hotel and, on September 12, 2019, called her mother crying and saying "I just want out. I can't handle it."[14] On October 4, 2019, someone placed a call to 911 from the hotel to report an alleged overdose in room 334, though when deputies responded, Marina was alone in the room, dead.[15] The doorjamb to the bathroom was broken as though it had been kicked in.[16] Based upon her livor and rigor mortise, her body had been moved and staged after death.[17] Marina's death was the result of combined acute toxic effects of cocaine and fentanyl.[18] A white female had rented two rooms, for five days each, using a stolen credit card and driver's license: rooms 326 and 334.[19] The night before Marina's body was discovered, the hotel's manager was aware of circumstances she felt were suspicious, involving two males, who were not registered guests, going back and

---

[11] Plaintiff's Complaint, ¶42.
[12] Plaintiff's Complaint, ¶49.
[13] Plaintiff's Complaint, ¶¶50-53.
[14] Plaintiff's Complaint, ¶¶48, 65.
[15] Plaintiff's Complaint, ¶¶86-88.
[16] Plaintiff's Complaint, ¶¶95.
[17] Plaintiff's Complaint, ¶¶96.
[18] Plaintiff's Complaint, ¶97.
[19] Plaintiff's Complaint, ¶¶98-105.

forth between the rooms yet did nothing to investigate.[20] The hotel is in a high crime area known for transiency; and had actual knowledge of criminal activity occurring on its premises, perpetrated by and against registered guests and non-registered visitors, including roughly 250 calls for service over an 18-month period, prior to Marina's death, for crimes including: [21]

- Missing Persons (recovered/endangered)
- Overdoses
- Child Abuse/Neglect
- Narcotics
- Domestic Disturbances
- Assault
- Breaking/Entering
- Trespassing

The hotel also knew that securing its points of ingress and egress were crucial to the safety and security of registered guests, visitors, and the public.[22] The hotel knew that the doors from the public parking area to the interior of the hotel (stairwell and first floor) were routinely unlocked or propped open, allowing unfettered access to the rooms.[23] The hotel also knew the importance of monitoring the access points, yet their surveillance cameras were either obscured or the visibility through the monitors was dangerously compromised.[24] The hotel knew that a minor, like Marina, could not take necessary and reasonable steps to provide for her own safety or security while on the hotel's premises, particularly if being preyed upon by traffickers.[25] The hotel was well-aware of the dangers affiliated with human trafficking, including knowledge that traffickers routinely ply minors with narcotics to facilitate the commercial sexual exploitation and that such minors are likely to be given narcotics in an isolated environment in which the minor has no genuine ability to help themselves.[26] Further, the hotel knew that traffickers target hotels that demonstrate a lax approach to security.[27]

The recitation of facts, above, is not intended to be exhaustive nor to replace the totality of

the Plaintiff's full allegations, which span two hundred and twenty-two paragraphs and thirty-four

---

[20] Plaintiff's Complaint, ¶114.
[21] Plaintiff's Complaint, ¶¶151-155.
[22] Plaintiff's Complaint, ¶¶ 160, 163.
[23] Plaintiff's Complaint, ¶¶ 161-162.
[24] Plaintiff's Complaint, ¶ 165.
[25] Plaintiff's Complaint, ¶181.
[26] Plaintiff's Complaint, ¶¶116-148, 190-191.
[27] Plaintiff's Complaint, ¶186.

pages, including ¶¶182-196 and ¶¶206-220 which set forth myriad specific failures by the hotel which proximately caused Marina's harms and death. Nevertheless, these facts alone sufficiently demonstrate **"direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."** *See Brown v. Oceania Cruises, Inc.*, supra.

"To prove causation, a plaintiff must establish 'a cause-and-effect relationship ... between the alleged tortious conduct and the injury' – that is, cause in fact (or 'actual' or 'but-for causation') – as well as the 'foreseeab[ility]' of the 'conduct in question' producing the alleged harm – i.e., 'proximate causation.'" *Marabella*, 437 F. Supp. 3d at 1229; *Bell v. Beyel Bros., Inc.*, No. 2:16-CV-14461, 2017 WL 1337267, at 3 (S.D. Fla. Apr. 7, 2017) (quoting *Smith v. United States,* 497 F.2d 500, 506 (5th Cir. 1974)). Thus, at the motion to dismiss stage, it is enough if one can reasonably infer actual and proximate causation for Plaintiff's injuries from Defendant's alleged negligence. *Id.* This is satisfied where a sufficiently detailed factual background of the incident is alleged along with allegations of the purported foreseeable causes of a plaintiff's injuries. *See Hung Kang Huang v. Carnival Corp.*, 909 F. Supp. 2d 1356, 1359–60 (S.D. Fla. 2012), *abrogated on other grounds by Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

"Foreseeability relates to duty and proximate causation in different ways and to different ends." *McCain v. Florida Power Corp.*, 593 So.2d 500, 502 (Fla. 1992). The foreseeability aspect of duty is a minimal threshold legal requirement for opening the courthouse doors, whereas the foreseeability aspect of proximate causation is part of a much more specific factual analysis once the courthouse doors are open. *Id.* On the question of proximate causation, foreseeability is

concerned with the specific factual details of the case not with the broader zone of risk created by the defendant. *Id.* "[I]t is immaterial that a defendant could not foresee the *precise* manner in which the injury occurred or its *exact* extent." *Id.*; *see* Restatement (Second) of Torts §435 (1965). The "question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve." *McCain*, 593 So.2d at 504; *Vining v. Avis Rent-A-Car Systems, Inc.*, 354 So.2d 54, 56 (Fla. 1977).

Recognizing that motions to dismiss typically arise during the nascent stage of the litigation, as is the case here, and that issues related to proximate causation require analysis *after* the evidentiary record has been developed, the Supreme Court further explained that a Complaint is sufficient and withstands a motion to dismiss where the facts alleged are:

> **…plausible and raise a reasonable expectation that discovery could supply additional proof.**

*See Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965. The plausibility standard 'calls for enough fact ***to raise a reasonable expectation*** that discovery will reveal evidence' of the defendant's liability." *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

Plaintiff has met her burden, here.

### b. Knowledge

The Defendants seek dismissal contending that Marina Ralph "possessed superior knowledge of the dangerous condition." *Motion*, p 11, ¶C. At the outset, Defendants' contention flatly ignores Plaintiff's allegations to the contrary, which are to be taken as true:

> In light of the foregoing, at all material times, the acts perpetrated upon Marina Ralph were reasonably foreseeable to the Defendant and *the Defendant was in a superior position* to appreciate the hazards and take

> necessary steps to prevent harm to invitees, guests, and the public, including but not limited to Marina Ralph.

*Complaint*, ¶182. Moreover, though not particularly clear, it appears that by arguing that "Marina possessed superior knowledge," the Defendants are actually challenging the sufficiency of the allegations as to the Defendants' *duty* to exercise reasonable care, which extends to reasonably foreseeable acts, a standard that requires proof of actual or constructive knowledge of the risk-creating condition. *See Carideo v. Whet Travel, Inc.*, No. 16-23658- CIV, 2018 WL 1461678 at 7 (S.D. Fla. March 23, 2018) (quoting Keefe *v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).

> Here, too, Defendants ignore Plaintiff's well-plead allegations that:
>
> The Defendant's failures, with respect to its duty to maintain the safety and security of the premises as set out above, created an atmosphere devoid of meaningful visible or physical deterrence to prevent criminal activity. It was an atmosphere in which criminals could, and did, engage in criminal activity without fear of detection, getting caught, or being prosecuted. It was an atmosphere which facilitated the commission of crimes against persons, including minors. It was the very atmosphere and environment that reasonable security measures are designed to protect against. *Complaint*, ¶192.
>
> The atmosphere created by the Defendant's failures was an unreasonably dangerous condition that the Defendant permitted to exist at its premises. *Complaint*, ¶193.
>
> The Defendants' negligence directly led to the criminal acts which caused Marina Ralph's injuries and death. *Complaint*, ¶195.

Highlighting the notion that issues of foreseeability and actual or constructive notice necessitate fact-based analysis on a developed evidentiary record rather than at the motion to dismiss stage, courts look to evidence such as the general likelihood of harm, criminal activity in the vicinity, security measures taken by the owner of the premises, compliance of the premises with industry standards, the presence of suspicious individuals around the premises, and the peculiar

Plaintiff's Response in Opposition to Defendants' Motion to Dismiss
Page | 14

security problems associated with the hotel, including "the fact that stairwells were apparently not restricted to emergency use only." *See Orlando Executive Park, Inc. v. P.D.R.,* 402 So.2d 442, 447 (Fla.5th DCA 1981), *aff'd,* 433 So.2d 491 (Fla.1983); *see also Stevens v. Jefferson,* 436 So.2d 33, 34 (Fla.1983); *Green Companies v. Divincenzo,* 432 So.2d 86, 88 (Fla.3d DCA 1983).

Here, Plaintiff has specifically alleged facts speaking to virtually every one of the considerations discussed above, not the least of which are the allegations from ¶¶149-174 which detail the dangerous condition allowed to exist for a lengthy period prior to Marina's death involving the hotel's failure to secure the stairwells and first-floor entry doors, thereby permitting unfettered access; as well as the allegations that the hotel manager was aware of "suspicious activity between rooms 326 and 334, including but not limited to the fact that there were two unknown males – neither of whom were registered guests – going back and forth between the rooms at odd hours" on the evening prior to the discovery of Marina's body, which they failed to investigate.[28] These are just two of the allegations of actual – let alone constructive – knowledge by the hotel.

The Southern District, in *Carideo v. Whet Travel, Inc.*, No. 16-23658- CIV, 2018 WL 1461678 (S.D. Fla. March 23, 2018), addressed the issue, drawing from the Restatement (Second) of Torts § 344 (1965) as well as from Comment f to that section, explaining a premises owner may:

> know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, **even though he has no reason to expect it on the part of any particular individual**. *If the place or character of his business, or his past experience, is such that he should reasonably anticipate **careless or criminal***

---

[28] Plaintiff's Complaint, ¶114-115.

> *conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of **servants to afford a reasonable protection**.*

Restatement (Second) of Torts Section 344 (1965) (comment f)(bold supplied). Here, too, Plaintiff has met her burden and the motion to dismiss should be denied.

### IV. DEFENDANTS' REFERENCES TO FACTUAL ALLEGATIONS ARE MISLEADING

The Defendants make the following baseless assertions:

- Marina consumed the lethal drugs herself. *Motion*, p. 2.
- Plaintiff *concedes* Marina's death may have been a suicide, *Motion*, p. 2.
- Plaintiff *concedes* that Marina voluntarily took the drugs. *Motion*, p. 3.
- Plaintiff *concedes* that Marina's death "was accidental or intentional, *which means* that Marina willingly took the drugs…" *Motion*, p. 11.
- Marina's death was caused by Marina's own hand. *Motion*, p. 11.
- Marina was "*participating in the crime* and consuming the drugs that would ultimately kill her." *Motion*, p. 12.

Plaintiff conceded no such thing, though Defendants' misguided efforts to re-write the facts are not surprising. Aside from the blatant misstatements, Defendant ignores the undeniable fact that Marina was a child, and that children are legally incapable of consent and cannot be deemed to have "participated" in the trafficking conduct of which they are victims. *See* §§787.06, §§794.011, §§794.05, §§796.001, 796.07(2)(e) Fla. Stat. (2021). [29]

---

[29] A central tenet of the victim-centered approach is that victims of trafficking should not be held criminally responsible for their involvement in unlawful activities that are a direct result of their victimization. See Protecting Victims from Wrongful Prosecution and Further Victimization, United States Department of State. Civilian Security, Dignity, and Human Rights, United States Department of State, Office to Monitor and Combat Trafficking of Persons, June 2018. https://2017-2021.state.gov/wp-content/uploads/2019/02/283800.pdf

Defendant also argues the Complaint "has not alleged…any dangerous condition on the property caused Marina's death" disregarding specific allegations in the Complaint including ¶¶149-174, 192-193, 195, which are set out above, in §III(b).

Finally, Defendant states "Plaintiff *nowhere* alleges that Marina was trafficked at the Subject Hotel…" *Motion*, p. 11 (italics supplied). Once again, the Defendant intentionally ignores the actual pleading, which quite clearly asserts:

> Marina was the unfortunate victim of a human sex trafficking venture which was operating out of the hotel, using a stolen identification and credit card, and supplying drugs to minors to facilitate their commercial sexual exploitation. *Complaint*, p. 1.

> Marina's traffickers were operating out of the Extended Stay Premier Suites at 1401 W. McNab Road, Pompano Beach, Florida and using stolen identification and credit cards to secure rooms. *Complaint*, ¶49.

> The Defendant failed to detect, stop or identify the commercial sexual exploitation of minors occurring on the premises. *Complaint*, ¶183(x).

> The Defendant failed to detect, stop or identify human trafficking ventures operating at the premises. *Complaint*, ¶183(z).

To argue that "nowhere" in the Complaint is it alleged that Marina was trafficked at the hotel, in the face of specific allegations to the contrary is illustrative of the Defendants' disregard which resulted in the death of this young child in the first place.

V.   DEFENDANTS' CASES ARE INAPPOSITE AND UNPERSUASIVE

As to the substantive portion of the Defendants' motion, found at pages 9-12, Defendants do not cite to one informative, persuasive, or controlling case which addressed a negligence claim at the motion to dismiss stage. Defendants principally rely upon:

> <u>Oliver v. Winn-Dixie Stores, Inc.</u>, 291 So. 3d 126 (Fla. 4th DCA 2020)
> - Appeal of ruling at <u>summary judgment stage</u>, having benefit of a fully developed evidentiary record.

*Las Olas Holding Co. v. Demella*, 228 So.3d 97 (Fla. 4th DCA 2017)
- Appeal of ruling at <u>directed verdict stage</u>, having benefit of a fully developed evidentiary record (discovery and trial) and merely asserting that causation is a necessary element in a premises liability case.

*Fritsch v. Rocky Bayou Country Club*, 799 So.2d 433 (Fla. 1st DCA 2001)
- Reversal of ruling at <u>summary judgment stage</u>, having benefit of a fully developed evidentiary record; addressing issues of statutory immunity, duty, and foreseeability and simply restating black-letter law that causation is a necessary element in a negligence claim.

*Winn-Dixie Montgomery, Inc. v. Petterson*, 291 So.2d 666 (Fla. 1st DCA 1974)
- Reversal of <u>jury verdict</u>, having benefit of a fully developed evidentiary record (discovery and trial).

*Rios v. Junco*, 487 So. 2d 331 (Fla. 3rd DCA 1986)
- A limited one-paragraph opinion which offers no detailed analysis and merely suggests, by reference to *Vermont Mutual v. Conway*, 358 So.2d 123 (Fla. 1st DCA 1978)(which was a reversal of a <u>jury verdict</u>, having benefit of a fully developed evidentiary record), that drug enforcement agents had equal knowledge to a hotel of the dangerous nature of a drug deal and that their claims were barred by the "fireman's rule."  Aside from the fact that the Defendant, here, cannot hide behind the fireman's rule, which has no applicability to our circumstances, to suggest that a minor sixteen-year-old trafficking victim be held to the same "knowledge" standard as trained adult drug enforcement agents defies logic.

For innumerable reasons, *Rios* is far from informative, let alone persuasive or controlling and neither *Oliver, Las Olas, Fritsch*, nor *Winn-Dixie* address facts specific to this case and were each decided upon fully developed records.

## CONCLUSION

"Pleadings must be construed so as to do justice." [30] Charity Pearrow deserves justice for Marina.  Her day in court should not be denied.

Dated:  December 5, 2021.                    Respectfully submitted,

---

[30] Fed.R.Civ.P. 8(e).

JUSTICE FOR KIDS®
a division of Kelley Kronenberg, P.A.
10360 West State Road 84
Fort Lauderdale, Florida 33324
Telephone:    754.888.5437
Facsimile:    954.644.4848

By:    *Justin D. Grosz*
       Justin D. Grosz
       Fla. Bar No.: 984000
       justin@justiceforkids.com
       marisela@justiceforkids.com

### CERTIFICATE OF SERVICE

I hereby certify that on December 6th, 2021, a true and correct copy of the foregoing was served by Florida Courts E-Filing Portal upon the following:

**Heather M. Calhoon**
WEINBERG WHEELER HUDGINS
GUNN & DIAL
*Attorneys for Defendant, Extended Stay.*
3350 Virginia Street, Suite 500
Miami, Florida 33133
Telephone:	305.455.9120
Facsimile:	305.455.9501
hcalhoon@wwhgd.com