**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 21-cv-62276-BB

CHARITY PEARROW, as Personal
Representative of the Estate of MARINA
RALPH, a deceased minor,

       Plaintiff,

v.

ESA P PORTFOLIO L.L.C., a foreign limited
liability company d/b/a EXTENDED STAY
AMERICA PREMIER SUITES; and ESA P
PORTFOLIO OPERATING LESSEE LLC, a
foreign limited liability company d/b/a
EXTENDED STAY AMERICA PREMIER
SUITES,

       Defendants.

_____

**DEFENDANTS' ESA P PORTFOLIO L.L.C. AND ESA P PORTFOLIO
OPERATING LESSEE LLC ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW, Defendants, ESA P PORTFOLIO L.L.C. and ESA P PORTFOLIO

OPERATING LESSEE LLC (collectively "Defendants")[1], and for their Answer and Affirmative

Defenses to Plaintiff's Complaint state as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to allege facts sufficient to state a claim against Defendants

upon which relief can be granted.

---

[1] Both Defendants are incorrectly identified in Plaintiff's Complaint as "d/b/a EXTENDED STAY AMERICA PREMIER SUITES". EXTENDED STAY AMERICA PREMIER SUITES is not itself a named Defendant, is not a legal entity, and is not a proper party herein.

## SECOND DEFENSE

Plaintiff's alleged damages were caused in whole or in part by the acts or omissions of persons other than Defendants, over whom Defendants had no control, or by the superseding intervention of causes outside Defendants' control.

## THIRD DEFENSE

The intervening acts or omissions of persons, firms or corporations other than Defendants are the proximate cause or causes of Plaintiff's alleged injuries; thus, Plaintiff is not entitled to recover against Defendants in any sum or manner whatsoever.

## FOURTH DEFENSE

Plaintiff's Complaint is or may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

Defendants deny that jurisdiction or venue are proper.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SEVENTH DEFENSE

Plaintiff's claims may be barred by the comparative/contributory negligence of Plaintiff and/or Marina Ralph and the doctrines of assumption of the risk and last clear chance.

## EIGHTH DEFENSE

The hazards alleged were arguably also open and/or discoverable to Plaintiff given the facts alleged in the Complaint that she knew Marina was engaged in sex trafficking, prostitution and drug use.

## NINTH DEFENSE

Defendants assert that, pursuant to section 768.81, Florida Statutes, and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993); *Allied-Signal, Inc. v. Fox*, 623 So. 2d 1180 (Fla. 1993); *Messmer v. Teacher's Insurance Company*, 588 So. 2d 610 (Fla. 5th DCA 1991), any damages awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants which may be responsible for damages claimed by Plaintiff, should it be discovered that any party, or any third party, contributed to Plaintiff's alleged injuries.  In this regard, Defendants specifically identify Marina Ralph's friend, "Z", the individual who rented the subject hotel rooms, "UnSub 1," and any non-party, unidentified individuals Plaintiff contends "trafficked" Marina Ralph or who engaged in or facilitated Marina Ralph's drug use.  However, discovery of such remains ongoing and, as such, Defendants reserve the right to later amend this Affirmative Defense to specifically name a party or parties as discovered.

## TENTH DEFENSE

Defendants assert that whatever damages may have been sustained at the time and place alleged in the Complaint were caused, in whole or in part, by the culpable conduct of Plaintiff and/or Marina Ralph, without any negligence on the part of the Defendants.  Consequently, Plaintiff's damages, if any, are to be diminished proportionally to reflect the culpable conduct and comparative fault of Plaintiff and/or Marina Ralph under the doctrine of comparative negligence.  Defendants, therefore, are entitled to all reductions, set-offs and limitations of liability pursuant to the doctrine of comparative fault including, but not limited to, the provisions set forth in Fla. Stat. § 768.81.

## ELEVENTH DEFENSE

Plaintiff and/or Marina Ralph knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and having had a reasonable opportunity to avoid it, voluntarily exposed Maria Ralph to the danger and/or accepted the risk associated with the danger.

## TWELFTH DEFENSE

If discovery reveals that, at the time and place of the alleged incident, Marina Ralph was either a trespasser or an uninvited licensee, Defendants would not owe Marina Ralph the duty or duties alleged in the Complaint.  Furthermore, Defendants are entitled to all defenses and immunities provided for in Fla. Stat. § 768.075 relating to trespassers under the influence.

## THIRTEENTH DEFENSE

To the extent Plaintiff alleges that Marina Ralph was assaulted or victimized by a third party, the actions of the third party were intentionally and specifically directed to Marina Ralph. As such, no action by the Defendants could have precluded or prevented the actions of the assailant

## FOURTEENTH DEFENSE

At the time and place set forth in the Complaint, Plaintiff/Marina Ralph failed to use reasonable care and such failure was either the sole proximate cause of the event described in the Complaint or in the alternative, contributed thereto to Plaintiff/Marina's alleged damages therefore Plaintiff is either barred from recovery or in the alternative any damages awarded to Plaintiff against Defendants should be reduced pursuant to the rule of comparative negligence, under Florida Statutes § 761.81.

**FIFTEENTH DEFENSE**

In the event Plaintiff/Marina Ralph's Estate has received, or has available collateral source benefits, Plaintiff's damages, if any, should be reduced by the amount of collateral source benefits received and/or available as a result of the incident in question.

**SIXTEENTH DEFENSE**

Defendants are entitled to a set-off for any settlement for any settlement paid by any party or non-party, in satisfaction of the same damages for which the Plaintiff is suing under Fla. Stat. § 768.041.

**SEVENTEENTH DEFENSE**

At all times material hereto, Defendants were not on notice or aware of any dangerous or unsafe condition pertaining to the incident in question and that any alleged dangerous condition was not discoverable through a reasonable inspection; accordingly, the Defendants cannot be held liable, as a matter of law, for failing to take corrective action or warn of the dangerous or unsafe condition alleged to have caused Plaintiff's damages.

**EIGHTEENTH DEFENSE**

If discovery reveals that at the time and place of the alleged incident, Marina Ralph, was attempting to commit a felony or was engaged in the commission of a felony on the property, Defendants would not owe Marina Ralph, the duty or duties alleged in the Complaint. Furthermore, Defendants are entitled to all defenses and immunities provided for in Section 768.075(4), Florida Statutes.

**NINETEENTH DEFENSE**

Defendants assert that, pursuant to section 768.0755, it had neither actual nor constructive knowledge of the "dangerous condition" alleged in the Complaint, such that it should have taken action to remedy it.  To the extent Plaintiff alleges a "dangerous condition" existed on the premises, the alleged condition did not exist for such a length of time that, in the exercise of ordinary care, Defendants should have known of the condition.

**TWENTIETH DEFENSE**

If such a dangerous condition existed, Defendants were not in a superior position to Plaintiff and/or Marina Ralph to discover the alleged dangerous condition on premises. Therefore, Defendants breached no duty.

**TWENTY-FIRST DEFENSE**

Defendants did not create any condition on the premises which was a danger to Marina Ralph.

Defendants hereby gives notice that they intend to rely upon other affirmative defenses as they become available or apparent during the course of discovery and reserve the right to amend this Answer to assert any such defenses.

Subject to and without waiving the foregoing Affirmative Defenses, Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

**<u>INTRODUCTION</u>**

Any allegations made against the Defendants in Plaintiff's "Introduction" are hereby denied.

**<u>JURISDICTION</u>**

1.      The allegations contained in Paragraph 1 of Plaintiff's Complaint contain no averments against the Defendants and, therefore, no response is required.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint contain no averments against the Defendants and, therefore, no response is required.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.      The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

## VENUE

5.      The Defendants admit, on information and belief, that Marina Ralph died in the City of Pompano Beach, Broward County, Florida.  The Defendants deny that any acts or omissions on their part caused or contributed to said death.  The remaining allegations contained in Paragraph 5 of Plaintiff's Complaint, if any, are hereby denied.

6.      The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, deny same.

## PARTIES

7.      The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.      The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.      The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint. Responding further, the Defendants deny that any acts or omissions on their part cause or contributed to decedent's injuries or wrongful death.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are admitted.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied as stated.  Responding further, Defendants state that the hotel (located at 1401 McNab Road, Pompano Beach, Florida 33069) was owned by Defendant ESA P PORTFOLIO LLC and leased to Defendant ESA P PORTFOLIO OPERATING LESSEE LLC, but neither Defendant operated the hotel.  Rather, the hotel was operated and managed by ESA MANAGEMENT, LLC, a Delaware limited liability company with its principal address in North Carolina.  The remaining allegations contained in Paragraph 16 are denied.

17.     The Defendants admit that the hotel was owned by Defendant ESA P PORTFOLIO LLC.   The remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are admitted.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied as stated.  Responding further, Defendants state that the hotel (located at 1401 McNab Road, Pompano Beach, Florida 33069) was owned by Defendant ESA P PORTFOLIO LLC and leased to Defendant ESA P PORTFOLIO OPERATING LESSEE LLC, but neither Defendant operated

the hotel.  Rather, the hotel was operated and managed by ESA MANAGEMENT, LLC, a Delaware limited liability company with its principal address in North Carolina.  The remaining allegations contained in Paragraph 19 are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, deny same.

## GENERAL ALLEGATIONS

### MARINA RALPH

22.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint and, therefore, deny same.

50.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint. To the extent Paragraph 50 contains any allegations or averments directed at the Defendants, they are hereby denied.

51.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint. To the extent Paragraph 51 contains any allegations or averments directed at the Defendants, they are hereby denied.

52.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint. To the extent Paragraph 53 contains any allegations or averments directed at the Defendants, they are hereby denied.

54.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 65 of Plaintiff's Complaint. To the extent Paragraph 65 contains any allegations or averments directed at the Defendants, they are hereby denied.

66.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 75 of Plaintiff's Complaint. To the extent Paragraph 75 contains any allegations or averments directed at the Defendants, they are hereby denied.

76.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     The allegations contained in Paragraph 86 of Plaintiff's Complaint are admitted upon information and belief.

87.     The allegations contained in Paragraph 87 of Plaintiff's Complaint are admitted upon information and belief.

88.     The allegations contained in Paragraph 87 of Plaintiff's Complaint are admitted upon information and belief.

89.     The allegations contained in Paragraph 89 of Plaintiff's Complaint are admitted upon information and belief.

90.     The allegations contained in Paragraph 90 of Plaintiff's Complaint are denied upon information and belief.

91.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     The allegations contained in Paragraph 95 of Plaintiff's Complaint are denied.

96.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

## ROOM 326 AND 334

98.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    Upon information and belief, the Defendants admit that Rooms 326 and 334 were rented by a white female on or about September 30, 3019.

103.    Upon information and belief, the Defendants admit that Rooms 326 and 334 were rented for a period of five (5) days.  The Defendants deny that "each room was rented for one (1) person".

104.    The allegations contained in Paragraph 104 of Plaintiff's Complaint are admitted upon information and belief.

105.     The allegations contained in Paragraph 105 of Plaintiff's Complaint are admitted upon information and belief.

106.     The allegations contained in Paragraph 106 of Plaintiff's Complaint are admitted upon information and belief.

107.     The allegations contained in Paragraph 107 of Plaintiff's Complaint are admitted upon information and belief.

108.     The Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.     The allegations contained in Paragraph 109 of Plaintiff's Complaint are admitted upon information and belief.

110.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.     The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.     The Defendants did not operate the hotel and, thus, admit that they did not "stop or identify Marina" or "attempt to determine which room she was visiting".  The Defendants are without knowledge sufficient to admit or deny the remaining allegations, if any, contained in Paragraph 113 of Plaintiff's Complaint.

114.     The allegations contained in Paragraph 114 of Plaintiff's Complaint are denied.

115.     The allegations contained in Paragraph 115 of Plaintiff's Complaint are denied.

## HUMAN TRAFFICKING AND THE HOSPITALITY INDUSTRY

116.    It appears that the allegations in Paragraph 116 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

117.    It appears that the allegations in Paragraph 117 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

118.    It appears that the allegations in Paragraph 118 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

119.    It appears that the allegations in Paragraph 119 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

120.    It appears that the allegations in Paragraph 120 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

121.    It appears that the allegations in Paragraph 121 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

122.    It appears that the allegations in Paragraph 122 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

123.     It appears that the allegations in Paragraph 123 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

124.     It appears that the allegations in Paragraph 124 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

125.     It appears that the allegations in Paragraph 125 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

126.     It appears that the allegations in Paragraph 126 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

127.     It appears that the allegations in Paragraph 127 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

128.     It appears that the allegations in Paragraph 128 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

129.     It appears that the allegations in Paragraph 129 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

130.    It appears that the allegations in Paragraph 130 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

131.    It appears that the allegations in Paragraph 131 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

132.    It appears that the allegations in Paragraph 132 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

133.    It appears that the allegations in Paragraph 133 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

134.    It appears that the allegations in Paragraph 134 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

135.    It appears that the allegations in Paragraph 135 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

136.    It appears that the allegations in Paragraph 136 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

137.    It appears that the allegations in Paragraph 137 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

138.    It appears that the allegations in Paragraph 138 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

139.    It appears that the allegations in Paragraph 139 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

140.    It appears that the allegations in Paragraph 140 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

141.    It appears that the allegations in Paragraph 141 of Plaintiff's Complaint contain no averments directed at the Defendants and, therefore, no response is required.  To the extent said allegations are directed at the Defendants, they are hereby denied.

142.    The allegations contained in Paragraph 142 of Plaintiff's Complaint are denied.

143.    The allegations contained in Paragraph 143 of Plaintiff's Complaint are denied.

144.    The allegations contained in Paragraph 144 of Plaintiff's Complaint are denied.

145.    The allegations contained in Paragraph 145 of Plaintiff's Complaint are denied.

146.    The allegations contained in Paragraph 146 of Plaintiff's Complaint are denied.

147.    The allegations contained in Paragraph 147 of Plaintiff's Complaint are denied.

148.    The allegations contained in Paragraph 148 of Plaintiff's Complaint are denied.

## UNREASONABLY DANGEROUS PREMISES

149. The allegations contained in Paragraph 149 of Plaintiff's Complaint are admitted upon information and belief.

150. The allegations contained in Paragraph 150 of Plaintiff's Complaint are admitted upon information and belief.

151. The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 151 of Plaintiff's Complaint and, therefore, deny same.

152. The Defendants are without knowledge as to the rate of traffic on Andrews Avenue and McNab Road. The remaining allegations contained in Paragraph 152 of Plaintiff's Complaint, if any, are denied.

153. The Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 153 of Plaintiff's Complaint and, therefore, deny same.

154. The allegations contained in Paragraph 154 of Plaintiff's Complaint are denied.

155. The allegations contained in Paragraph 155 of Plaintiff's Complaint are denied.

156. The Defendants admit, generally, that there are multiple points of ingress/egress at the subject hotel. The remaining allegations contained in Paragraph 156 are denied as stated.

157. The Defendants admit that individuals are able to approach the hotel. The remaining allegations, if any, contained in Paragraph 157 are denied.

158. The Defendants admit that the exterior hotel doors are locked from the outside and accessible through use of a room key. The remaining allegations contained in Paragraph 158, if any, are denied.

159. The allegations contained in Paragraph 159 of Plaintiff's Complaint are admitted upon information and belief.

160. The allegations contained in Paragraph 160 of Plaintiff's Complaint are denied.

161.     The allegations contained in Paragraph 161 of Plaintiff's Complaint are denied as stated. The answering Defendants admit, upon information and belief, that hotel doors are sometimes propped open. The remaining allegations, if any, contained in Paragraph 161 of Plaintiff's Complaint are denied.

162.     The allegations contained in Paragraph 162 of Plaintiff's Complaint are denied as stated.  The answering Defendants admit, upon information and belief, that hotel doors are sometimes propped open.  The remaining allegations, if any, contained in Paragraph 162 of Plaintiff's Complaint are denied.

163.     The allegations contained in Paragraph 163 of Plaintiff's Complaint are denied.

164.     The allegations contained in Paragraph 164 of Plaintiff's Complaint are denied.

165.     The allegations contained in Paragraph 165 of Plaintiff's Complaint are denied.

166.     The allegations contained in Paragraph 166 of Plaintiff's Complaint are denied.

167.     The allegations contained in Paragraph 167 of Plaintiff's Complaint are denied.

168.     The allegations contained in Paragraph 168 of Plaintiff's Complaint are denied.

169.     The allegations contained in Paragraph 169 of Plaintiff's Complaint are denied.

170.     The allegations contained in Paragraph 170 of Plaintiff's Complaint are denied.

171.     The allegations contained in Paragraph 171 of Plaintiff's Complaint are denied.

172.     The allegations contained in Paragraph 172 of Plaintiff's Complaint are denied.

173.     The allegations contained in Paragraph 173 of Plaintiff's Complaint are denied.

174.     The allegations contained in Paragraph 174 of Plaintiff's Complaint are denied.

## COUNT I

**NEGLIGENCE**
**AGAINST ESA P PORTFOLIO LLC D/B/A EXTENDED STAY AMERICA, INC.**
**FLORIDA'S WRONGFUL DEATH ACT**

175.    Defendants re-assert and re-allege the responses contained above as though fully set forth herein.

176.    The allegations contained in Paragraph 176 of Plaintiff's Complaint are denied.

177.    The allegations contained in Paragraph 177 of Plaintiff's Complaint are denied.

178.    The allegations contained in Paragraph 178 of Plaintiff's Complaint are denied.

179.    The allegations contained in Paragraph 179 of Plaintiff's Complaint are denied.

180.    The allegations contained in Paragraph 180 of Plaintiff's Complaint are denied.

181.    The allegations contained in Paragraph 181 of Plaintiff's Complaint are denied.

182.    The allegations contained in Paragraph 182 of Plaintiff's Complaint are denied.

183.    The allegations contained in Paragraph 183 of Plaintiff's Complaint are denied, including all sub-paragraphs.

184.    The allegations contained in Paragraph 184 of Plaintiff's Complaint are denied, including all sub-paragraphs.

185.    The allegations contained in Paragraph 185 of Plaintiff's Complaint are denied.

186.    The allegations contained in Paragraph 186 of Plaintiff's Complaint are denied.

187.    The allegations contained in Paragraph 187 of Plaintiff's Complaint are denied.

188.    The allegations contained in Paragraph 188 of Plaintiff's Complaint are denied.

189.    The allegations contained in Paragraph 189 of Plaintiff's Complaint are denied.

190.    The allegations contained in Paragraph 190 of Plaintiff's Complaint are denied.

191.    The allegations contained in Paragraph 191 of Plaintiff's Complaint are denied.

192.     The allegations contained in Paragraph 192 of Plaintiff's Complaint are denied.

193.     The allegations contained in Paragraph 193 of Plaintiff's Complaint are denied.

194.     The allegations contained in Paragraph 194 of Plaintiff's Complaint are denied.

195.     The allegations contained in Paragraph 195 of Plaintiff's Complaint are denied.

196.     The allegations contained in Paragraph 196 of Plaintiff's Complaint are denied.

197.     The allegations contained in Paragraph 197 of Plaintiff's Complaint are denied.

198.     The allegations contained in Paragraph 198, and all subparts of Plaintiff's Complaint are denied.

## COUNT II

### NEGLIGENCE
### AGAINST ESA P PORTFOLIO OPERATING LESSEE LLC D/B/A EXTENDED STAY AMERICA, INC. FLORIDA'S WRONGFUL DEATH ACT

199.     Defendants re-assert and re-allege the responses contained above as though fully set forth herein.

200.     The allegations contained in Paragraph 200 of Plaintiff's Complaint are denied.

201.     The allegations contained in Paragraph 201 of Plaintiff's Complaint are denied.

202.     The allegations contained in Paragraph 202 of Plaintiff's Complaint are denied.

203.     The allegations contained in Paragraph 203 of Plaintiff's Complaint are denied.

204.     The allegations contained in Paragraph 204 of Plaintiff's Complaint are denied.

205.     The allegations contained in Paragraph 205 of Plaintiff's Complaint are denied.

206.     The allegations contained in Paragraph 206 of Plaintiff's Complaint are denied.

207.     The allegations contained in Paragraph 207 of Plaintiff's Complaint are denied, including all sub-paragraphs.

208.    The allegations contained in Paragraph 208 of Plaintiff's Complaint are denied, including all sub-paragraphs.

209.    The allegations contained in Paragraph 209 of Plaintiff's Complaint are denied.

210.    The allegations contained in Paragraph 210 of Plaintiff's Complaint are denied.

211.    The allegations contained in Paragraph 211 of Plaintiff's Complaint are denied.

212.    The allegations contained in Paragraph 212 of Plaintiff's Complaint are denied.

213.    The allegations contained in Paragraph 213 of Plaintiff's Complaint are denied.

214.    The allegations contained in Paragraph 214 of Plaintiff's Complaint are denied.

215.    The allegations contained in Paragraph 215 of Plaintiff's Complaint are denied.

216.    The allegations contained in Paragraph 216 of Plaintiff's Complaint are denied.

217.    The allegations contained in Paragraph 217 of Plaintiff's Complaint are denied.

218.    The allegations contained in Paragraph 218 of Plaintiff's Complaint are denied.

219.    The allegations contained in Paragraph 219 of Plaintiff's Complaint are denied.

220.    The allegations contained in Paragraph 220 of Plaintiff's Complaint are denied.

221.    The allegations contained in Paragraph 221 of Plaintiff's Complaint are denied.

222.    The allegations contained in Paragraph 222, and all subparts of Plaintiff's Complaint are denied.

223.    Any and all allegations, prayers for relief, headings, or other statements in Plaintiffs' Complaint for which response is required and which are not specifically admitted herein are hereby expressly denied.

WHEREFORE having fully responded to Plaintiff's Complaint, Defendants pray as follows:

(a)    That they have a trial by a jury of twelve;

(b)      That they have judgment entered in their favor;

(c)      That they be awarded costs cast against Plaintiff; and,

(d)      That they have any and all such further relief as this Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

/s/   *Jose O. De La Cruz*
Heather M. Calhoon, Esq.
Florid Bar No.: 495573
JOSE O. DE LA CRUZ, Esq.
Florida Bar No.: 1005862
3350 Virginia Street, Suite 500
Miami, Florida 33133
Telephone:      (305) 455-9500
Facsimile:      (305) 455-9501
E-Mail:          hcalhoon@wwhgd.com
                 jdelacruz@wwhgd.com
                 malvarez@wwhgd.com
                 dmallqui@wwhgd.com
                 ahayes@wwhgd.com

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on January 13, 2022, a true and correct copy of the forgoing was electronically filed with the Clerk of the Court using CM/ECF.  Copies of the forgoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/   *Jose O. De La Cruz*
Jose O. De La Cruz