UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-62276-BLOOM/Valle**

CHARITY PEARROW, *as Personal Representative of the Estate of Marina Ralph, a deceased minor*,

    Plaintiff,

v.

ESA P PORTFOLIO L.L.C., et al.,

    Defendants.

_____

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

    Justin D. Grosz
    Florida Bar No. 984000

    Julianna B. Walo
    *Pro hac vice*
    ARDC No. 6327748

Plaintiff, Charity PEARROW, as the *Personal Representative of the Estate of Marina Ralph, a deceased minor,* by and through her undersigned counsel, hereby respectfully moves this Honorable Court for reconsideration of, and relief from, the Court's Orders on Motion for Summary Judgment and Final Judgment. ECF Nos. [95, 96].

## INTRODUCTION

On February 7, 2023, the Court entered its Orders granting summary judgment and entering final judgment in favor of Defendants, ESA P PORTFOLIO L.L.C. and ESA P PORTFOLIO OPERATING LESSEE LLC (collectively "Defendant" or "ESA"). ECF Nos. [95, 96]. Plaintiff seeks the Court's reconsideration (1) based upon Eleventh Circuit and Fourth District Court of Appeal precedent which suggests that the Court's basis for granting summary judgment rests on a contrary legal foundation and (2) to prevent manifest injustice.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides the bases for relief from a judgment or order. Fed. R. Civ. P. 60(b) provides in part, "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (l) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason that justifies relief." Rule 60(b)(6) is the "catch all" ground for relief under Rule 60(b). *See Galbert v. West Caribbean Airways,* 715 F.3d 1290, 1294 (11th Cir. 2013). A motion under Rule 60(b) "must be made within a reasonable time" but "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R, Civ. P. 60(c)(1). Whether to grant a Rule 60(b)(6) motion is within the sound discretion of the district court. *Id.; Aldana v. Del*

*Monte Fresh Produce NA., Inc.,* 741 F.3d 1349, 1355 (11th Cir. 2014). Rule 60(b) empowers district courts "'to vacate judgments whenever such action is appropriate to accomplish justice.'" *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 CI Ith Cir. l984) (quoting *K!approttv.UnitedStates,335* U.S. 601,615, 69 S. Ct. 384,390, 93 LEd.266 (1949)). While the trial court is vested with substantial discretion in granting relief under Rule 60(b), *see Abimbola v. Broward Cnty.,* 266 F. App'x 908, 910 (11th Cir. 2008) (quoting *Am. Bankers Ins. Co. of Fla.* v. *Nw; Nat'! Ins. Co.,* 198 F.3d 1332, 1338 (11th Cir. 1999)), "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." *Griffin, T22* F.2d at 680 (citation omitted).

Accordingly, Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven. Elves, Inc. v. Eskenazi,* 635 F.2d 396,401 (5th Cit. Unit A Jan. 26, 1981) (quoting *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir. 1970)). With this goal in mind, "it is often said that the rule should be liberally construed in order to do substantial justice." *Id.* Thus, "although the desideratum of finality is an important goal, the justice function of the courts demands that it must yield, in appropriate circumstances to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Id.* However, Rule 60(b) is not an appropriate vehicle to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.

2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998)) (per curiam). Rather, Rule 60(b) is intended to permit reconsideration "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017); *see also Gonzalez v. Sec'y for Dep't of Corrections,* 366 F.3d 1253, 1291-92 (11th Cir. 2004) (J. Tjoflat, specifically concurring in part and dissenting in part), *aff'd on other grounds sub. nom.,* 545 U.S. 524, 538 (2005)("aim of Rule 60(b) was to allow a district court to grant relief when its judgment rests upon a defective foundation.").

## II. ARGUMENT

As the Court acknowledged, the ruling on the Defendants' Motion for Summary Judgment turned on a narrow legal issue: whether Fla. Stat. 768.075(4) shields the Hotel from liability, under the circumstances specific to this case. ECF No. [95] at 7. The Court found the hotel was entitled to immunity under § 768.075(4) having relied upon the testimony of Samantha Cook to conclude that Marina "willingly" ingested narcotics, thereby establishing possession and the commission of a felony. While Cook's testimony raises issues that should have been analyzed in accord with the Eleventh Circuit's guidance in *Tippens v. Celotex Corp.*, 805 F.2d 949, 953–54 (11th Cir. 1986), discussed below, affording the hotel immunity based on the conclusion that Marina "willingly ingested" narcotics was premised upon a misapprehension of the law as it relates to the elements of 768.075(4).

Section 768.075(4) is an affirmative defense. Having raised it, the Defendants are burdened with proving all elements by a preponderance of the evidence. *Captains Table Inc. v. Khouri*, 208 So.2d 677 (Fla. 4th DCA 1968). The statute provides that:

> A person or organization owning or controlling an interest in real property, or an agent of such person or organization, shall not be held liable for negligence that results in the death of, injury to, or damage *to a person who is attempting to commit a felony or who is engaged in* the commission of a felony on the property.

Fla. Stat. 768.075(4) (emphasis supplied). The operative element, here, is the requirement that the Defendant establish that the victim was actively engaged in the commission of a felony at the time of the injury or, here, death.

It remains undisputed that no one has offered direct evidence as to the circumstances surrounding Marina's ingestion of the drugs that caused her death. Cook's testimony, which the Court relied upon to reach its conclusion, was that at some point *prior* to Marina's death, Cook observed her smoking crack. Reliance upon that testimony to satisfy the "active engagement" element of the statute misapprehends the law. *Beasley v. Wells Fargo Bank N.A.*,[1] relied upon as support for the Court's conclusion, actually demonstrates the misapprehension. In *Beasley*, the plaintiff was undeniably in actual and knowing possession of a firearm as a convicted felon at the time of his injury – thus, he was undisputedly *actively engaged* in the commission of a felony at the time of his injury. *Beasley* merely reinforces clear law from the Fourth District, in that the operative consideration for application of 768.075(4) is that the injured plaintiff must be "actively engaged in the commission of or attempted commission of a felony at the time the

---

[1] *Beasley v. Wells Fargo Bank N.A.*, No. 22-10659, 2022 WL 17819168 (11th Cir. Dec. 20, 2022).

injuries are sustained." *Pride of St. Lucie Lodge 1189, Inc. v. Reed*, 306 So.3d 115 (Fla. 4th DCA 2020).

The only way to establish that Marina was actively engaged in the commission of a felony at the time of her death is by producing evidence of the circumstances surrounding the ingestion. The Court dismissed Plaintiff's arguments about the manner of ingestion, determining that they were "not material issues of fact, because neither the manner of her ingestion nor the precise level of narcotics is relevant to the determinative issue of whether she possessed a controlled substance." ECF No. [95] at 10. Yet, while finding the manner of ingestion and level of narcotics were immaterial, the Court nevertheless affirmatively concluded that Marina "willingly ingest[ed]" them, a conclusion that is inherently fact dependent upon the circumstances surrounding the ingestion; highlighting the materiality of the manner of ingestion and level of narcotics. As a basis for its conclusion, the Court cited to Cook's testimony that she witnessed Marina smoke crack at the Hotel – testimony that, significantly, purported to relate to a point in time prior to and not involving Marina's death.

The Court cited *Kuria v. BMLRW, LLLP*, 101 So. 3d 425 (Fla. 1st DCA 2012) for the proposition that § 768.075(4) does not require a causal connection between the felonious activity and the injury suffered. *See* ECF No. [95] at 10. However, the Fourth District Court of Appeal squarely addressed *Kuria*, and the "causal nexus" issue in *Pride of St. Lucie Lodge 1189, Inc. v. Reed*, 306 So.3d 115 (Fla. 4th DCA 2020). In *Pride*, the plaintiff was shot on the Defendant's premises, after having been involved in a brawl during which she was alleged to have committed a felony, to wit: aggravated battery upon a pregnant female, presumably precipitating the subsequent shooting. *Id*. While the

evidence arguably established that the plaintiff had committed a felony on the property, there was no evidence that the plaintiff *was committing* a felony at the time of the shooting which caused her injuries. Relying upon the *Kuria* court's holding that 768.075(4) contained no "causal nexus" requirement, the *Pride* defendant argued that the fact that the plaintiff had committed a felony on the property controlled, regardless of whether she was committing one at the time of the shooting. *Id* at 118. Rejecting the argument, the Fourth District explained that while the statute contained no "causal nexus" requirement, it simply meant that the injury did not have to be caused by the felony; though the statute still required that the plaintiff be *actively engaged* in the commission of the felony at the time the injuries were sustained, for immunity to apply:

> As illustrated above, the *Kuria* decision merely stands for the proposition that the injury giving rise to the negligence action need not have been caused by, or arise out of, the commission of the felony in order for the section 768.075(4) defense to apply. The decision does not alter the requirement that the plaintiff be actively engaged in the commission of or attempted commission of a felony at the time the injuries are sustained.

*Pride,* 306 So. 3d at 118. The *Pride* court held that "the unambiguous present tense language in the statute **makes clear, the defense <u>only</u> applies** to injuries the plaintiff sustains in the commission or attempted commission of a felony." *Id* at 117 (emphasis supplied). A finding that the commission of a felony *at any time* is sufficient for immunity under 768.075(4) is a misapprehension of clearly established law. Cook's testimony that Marina was smoking, at some point in time, cannot support the conclusion that Marina was actively engaged in the commission of a felony *at the time* of her death as it is undisputed that no one has provided testimony about the circumstances surrounding Marina's ingestion of the narcotics that caused her injury and death. Whether Cook's testimony about Marina's prior drug use is reliable is for

a jury to determine, as discussed below, but, regardless, testimony about prior use, or even the fact that substances were found in Marina's system – without any evidence as to the manner of ingestion – does not satisfy analysis under *Pride,* or *Beasley,* which unequivocally stand for the clear proposition that a defendant must prove the victim was actively engaged in the commission of a felony at the time of the injury.

Section 768.075(4) is an affirmative defense. It is exclusively the Defendant's burden to prove their entitlement to immunity under that statutory section by a preponderance of the evidence. The lack of evidence on that issue inures to the Plaintiff's benefit, not the Defendant's and relying on Cook's testimony about prior use in light of *Beasley* and *Pride* misapprehends the law as to 768.075(4).

Moreover, reliance on Cook's testimony to conclude Marina "willingly ingested" cocaine in support of summary judgment, respectfully disregards clear guidance from the Eleventh Circuit. Cook's testimony reflects admittedly faulty memory, blurred recall of detail, and internal inconsistency, along with inconsistency with other evidence in the case. Though set out in Plaintiff's Response to the Defendants' Motion and her Counter Statement of Material Facts, ECF Nos. [66, 67], by way of brief example:

- Cook testified that she had no sense or recollection of how much time had transpired from her arrival to subject hotel and up until Marina's death: *Ex. 5, Cook dep. at 93:22-94:25; 92:17-24.*
- With respect to Marina's alleged drug use at a point in time prior to her death, Cook conceded "she really wasn't paying attention like that." *ECF No. [66] at § I, ¶¶ 25 and § II, ¶121.*
- Cook had no memory of whether she left Marina's body in the position in which she was found by fire rescue *Ex. 5, Cook dep. at 135:13-24.*
- Cook could not recall when she was given drugs by Taylor. *Ex. 5, Cook dep. at 126:23-127:1.*

- Cook's recall of timing and events, during the subject rental period is suspect, describing that period of time as "extremely blurry" as she was "shooting" and "smoking" heroin and crack; and acknowledging there were large blocks of time missing from her memory…" ECF No. [66] at § I, ¶¶ 18, 20, 21 and § II, ¶121.

The Eleventh Circuit cautioned that:

[V]ariations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all. Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact.

*Tippens v. Celotex Corp.*, 805 F.2d 949, 953–54 (11th Cir. 1986). "Weighing the contradictory statements along with the explanations for those contradictions are judgments of credibility. Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1240 n.7 (11th Cir. 2003).

As with any witness, a jury would be charged with the responsibility, and freedom, to decide which testimony to believe and, significantly, here would be instructed:

You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

*11th Circuit Pattern Jury Instructions, Civil*, (2022).  The absence of direct testimony about the circumstances surrounding Marina's ingestion at the time she died makes it more important to have the trier of fact weigh the evidence.  Cook's isolated testimony that Marina was smoking crack, purportedly at some time other than when she died, must be measured and tested – by a jury – against the balance of her own testimony, other contradictory evidence, and her admitted memory failures.

The point is not to rehash the facts but to ensure that where the Court is analyzing an affirmative defense, which the Defendants carry the burden of proving, the foundation for the Court's opinion properly considers the Eleventh Circuit's guidance, that "variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all. *Tippens*, 805 F.2d at 953–54.  Against that backdrop, it ought to be left to the jury to determine whether the Defendant has proven active engagement in the commission of a felony[2] by a preponderance of the evidence, as is required to satisfy their burden.

This testimony should, at minimum, present questions of fact as to the reliability of aspects of Cook's testimony and concluding that the ingestion was "willful" inherently requires a credibility assessment under circumstances which the Eleventh Circuit dictates must be left for the jury to resolve, during Plaintiff's day in Court.

## CONCLUSION

---

[2] Which, if seeking to prove the felony of possession of cocaine, would require proof of "a conscious and substantial possession." *State v. Eckroth*, 238 So.2d 75, 77 (Fla. 1970) (cited by the Court at ECF No. [95] at 8.)

The viability of the Defendant's affirmative defense is properly the subject of a factual dispute such that summary judgment cannot be entered in favor of the Defendant. Respectfully, the Fourth District and Eleventh Circuit provide critical guidance which may not have informed the Court's decision here, but consideration of which is necessary to prevent manifest injustice. The Plaintiff respectfully requests this Honorable Court <u>reconsider</u> its Order granting summary judgment.

Dated: March 9, 2023.                                      Respectfully submitted,

JUSTICE FOR KIDS®
a division of Kelley Kronenberg, P.A.
10360 West State Road 84
Fort Lauderdale, Florida 33324
Telephone:    754.888.5437
Facsimile:    954.644.4848

By:    <u>*Justin D. Grosz*</u>
       Justin D. Grosz
       FL Bar 984000
       Julianna B. Walo
       Pro Hac Vice
       ARDC 6327748
       justin@justiceforkids.com
       julianna@justiceforkids.com
       marisela@justiceforkids.com