UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62276-BLOOM/Valle

CHARITY PEARROW, *as Personal*
*Representative of the Estate of Marina*
*Ralph, a deceased minor*,

      Plaintiff,

v.

ESA P PORTFOLIO L.L.C., *et al.*,

      Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Charity Pearrow's Motion for Reconsideration, ECF No. [97] ("Motion"), filed on March 9, 2023. Defendants Esa P Portfolio L.L.C. and Esa P Portfolio Operating Lessee LLC filed a Response, ECF No. [98], to which Plaintiff filed a Reply, ECF No. [99]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

## I.      BACKGROUND

This is an action under Florida's Wrongful Death Act, Fla. Stat. § 768.16 *et seq.*, to recover for the death of Plaintiff's daughter, Marina Ralph ("Marina"), who was found deceased in a room at Defendants' Extended Stay Hotel ("Hotel") on October 4, 2019. On February 7, 2023, the Court granted summary judgment in favor of Defendants. *See* Order on Motion for Summary Judgment ("Order"), ECF No. [95]. In that Order, the Court concluded that the evidence presented led to the

inevitable conclusion that Marina's death was caused by her willful ingestion of drugs, including crack cocaine, at the Hotel. *Id.* at 11. Possession of crack cocaine is a felony pursuant to Florida. Fla. Stat. §§ 893.03(2)(a)(4), 893.13(6)(a). Accordingly, the Court concluded that Defendants were shielded from liability by Fla. Stat. § 768.075(4), which precludes recovery against the owner of a premises for "negligence that results in the death of . . . a person who is attempting to commit a felony or who is engaged in the commission of a felony on the property." ECF No. [95] at 15.

In her Motion, Plaintiff seeks reconsideration of the Court's application of Fla. Stat. § 768.075(4). ECF No. [97]. She argues that the Court erred by relying on the testimony of Samantha Cook, who was not a credible witness. *Id.*at 4. In light of Cook's unreliability, Plaintiff asserts that the Court should have allowed a jury to determine whether Marina willingly ingested the narcotics that led to her death. *Id.* (citing *Tippens v. Celotex Corp.*, 805 F.2d 949, 953-54 (11th Cir. 1986)).

In Response, Defendants contend that Plaintiff's Motion is procedurally improper because, rather than asserting a valid basis for reconsideration, Plaintiff simply repeats her previous arguments in an attempt to show that the Court "got it wrong." ECF No. [98] at 5. As for the substance of the Motion, Defendants argue that the Court did not err in applying Fla. Stat. § 768.075(4) to the facts of this case. *Id*. at 13.

In Reply, Plaintiff does not address Defendants' procedural argument. *See generally* ECF No. [99]. Plaintiff reiterates her position that the Court's Order is not supported by "credible and undisputed evidence." *Id*. at 3.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides bases for relief from a judgment or order. Fed. R. Civ. P. 60(b) provides in part, "[o]n motion and just terms, the court may relieve a party

. . . from a final judgment, order, or proceeding for the following reasons: (l) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Rule 60(b)(6) is the "catch all" ground for relief under Rule 60(b). *See Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (quotation marks omitted).

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" *Z.K. Marine*, 808 F. Supp. at 1563; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters[.]" (quotation marks omitted)). Rather, Rule 60(b) is intended to permit reconsideration "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (quotation marks omitted). In short, it is "an extraordinary remedy to be employed sparingly." *Burger King*, 181 F. Supp. 2d. at 1370 (citation omitted).

## III.   DISCUSSION

### A.   The Motion Is Procedurally Improper.

The Court begins with Defendants' argument that the Motion is procedurally improper because it does not assert a valid basis for reconsideration. ECF No. [98] at 3-5. As noted above,

Plaintiff does not respond to Defendants' procedural argument. *See generally* ECF No. [99]. "When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned." *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017). Regardless, the Court agrees with Defendants that Plaintiff's Motion is improper because it does not depend on "an intervening change in controlling law" or "the availability of new evidence," or "the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369. Although Plaintiff asserts that the Court's determination "was premised upon a misapprehension of the law as it relates to the elements of [Fla. Stat. § 768.075(4)]," ECF No. [97] at 4, Plaintiff does not specify which legal "element[ ]" has been misapprehended. Rather, as Defendants correctly assert, Plaintiff is asking the Court to reconsider the "record evidence in light of the applicable law." ECF No. [98] at 5 (emphasis omitted). As an attempt "to reiterate arguments previously made," *Z.K. Marine*, 808 F. Supp. at 1563, Plaintiff's Motion is procedurally improper.

Nonetheless, in an abundance of caution, the Court proceeds to address the merits of Plaintiff's Motion.

## B. The Motion Is Without Merit.

As the parties agree, the Court's Order turned on the narrow legal issue of Fla. Stat. § 768.075(4)'s applicability to the facts of this case. ECF No. [97] at 4. Plaintiff argues that the Court's determination was incorrect because the Court relied on the unreliable testimony of Samantha Cook. *Id*. According to Plaintiff, the Court should have let a jury evaluate whether Cook's testimony showed, by a preponderance of the evidence, that Marina was committing the felony of possessing crack cocaine at the time of her death. *Id*. at 10.

Plaintiff is certainly correct that there are issues with Cook's testimony. *See* ECF No. [97]

4

at 8-9. Her recall of the timing of the events relating to Marina's death is particularly suspect, due in part to her drug use at that time. *Id*. at 8-9. However, as Defendants correctly point out, Cook expressed no doubt that she saw Marina willingly smoking crack cocaine in the Hotel room wherein her body was subsequently found. *See* ECF No. [72-5] at 31-32.

More importantly, the Court did not rely solely on Cook's testimony to conclude that the Defendants had met their burden to invoke the Fla. Stat. § 768.075(4) affirmative defense. Rather, the strongest evidence that Marina was feloniously using drugs at the time of her death is the autopsy report, which showed her death to have been caused by a fentanyl / cocaine overdose, found no evidence of assault, and deemed her death an accident. *See* ECF No. [95] at 13 (citing autopsy report, ECF No. [50-16] at 6). As Plaintiff conceded, "the level of narcotics in her system was inconsistent with an intentional overdose." ECF No. [67] at 16.

The Court also considered the testimony of Kelly McLennan, who testified that when she met Marina at the Hotel two days before her death, Marina was suffering from drug withdrawal and was actively looking to procure crack cocaine. ECF No. [95] at 5. Several weeks prior to her death, Marina told medical personnel at Joe DiMaggio Children's Hospital that she was consuming a variety of drugs, including crack cocaine. *Id*. at 4. As such, Cook's testimony was not the only record evidence supporting the finding that Marina was in felonious possession of crack cocaine at the time of her death. The Court's determination was based on all the evidence presented on summary judgment, which uniformly pointed to the inference that Marina willingly ingested the narcotics that led to her death.

Plaintiff argues that, "[i]n the absence of direct evidence" that Marina was engaging in felonious activity at the time of her death, "the determination inherently depends on credibility assessments, which must be left to the jury." ECF No. [99] at 2 (citing *Tippens*, 805 F.2d at 953-

54). However, the case upon which Plaintiff relies – *Tippens* – does not support her argument. In that case, a district court granted summary judgment because it concluded that, due to inconsistencies between a witness's deposition testimony and an affidavit, the affidavit was a "sham" and could be disregarded at the summary judgment stage. *Tippens*, 805 F.2d at 954. The Eleventh Circuit reversed, finding that the affidavit raised issues of "memory" and "credibility," but it did not contain an "irreconcilable conflict that amounts to a transparent sham." *Id*. at 954-55. "Because assessing the credibility and weight of the evidence are questions of fact for the trier of fact, the District Court's grant of summary judgment was improper." *Id.* at 955.

Here, by contrast, the Court did not disregard any evidence presented by Plaintiff. Rather, Plaintiff presented *no evidence whatsoever* that Marina's ingestion of narcotics was unwilling. ECF No. [95] at 13. Plaintiff merely argued that Defendants failed to present evidence indicating the amount of narcotics Marina ingested and the method of ingestion. ECF No. [67] at 16. The Court correctly determined that the amount of narcotics and method of ingestion are irrelevant. *See State v. Eckroth*, 238 So. 2d 75, 77 (Fla. 1970) ("Possession and control . . . need not be exclusive nor of great duration," and "the quantity possessed is immaterial."). Given Plaintiff's failure to produce evidence of an alternative explanation for the drugs in Marina's system, no genuine issue of material fact existed or any facts against which a jury could weigh the evidence of willful ingestion.

As the Eleventh Circuit clarified in *Beasley v. Wells Fargo Bank, N.A.*, 2022 WL 17819168, *3 (11th Cir. 2022), a litigant cannot manufacture a question of fact through "conjecture and speculation." *Id*. at *2 (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982)). Plaintiff attempts to distinguish this case from *Beasley* by arguing that Beasley "was undisputedly *actively engaged* in the commission of a felony at the time of his injury." ECF

No. [97] at 5. However, that issue – whether Beasley was in possession of a gun at the time of his injury – is precisely what Beasley *attempted* to dispute by arguing that the gun might have been planted on him after he was injured. *Beasley*, 2022 WL 17819168, at *3. Setting aside Beasley's "guess or possibility," the *Beasley* court found no evidence to support "a reasonable inference that Beasley was unaware of the gun found on his person." *Id*.

*Beasley* forecloses Plaintiff's argument that the Court cannot rely on circumstantial evidence to conclude at the summary judgment stage that a plaintiff was engaged in a felony at the time of her injury. In *Beasley*, there was no direct evidence that the plaintiff possessed a gun at the time he was shot. 2022 WL 17819168, at *3. However, the fact that Beasley had a gun in his pocket while receiving medical assistance was compelling circumstantial evidence that he was in possession of the gun at the time of the shooting. *Id*. Absent evidence supporting the "possibility" that the gun was planted on him, the only reasonable inference was that he was in possession of the gun at the time he was shot. *Id*.

Here, as in *Beasley*, there are certainly other possibilities as to how fentanyl and cocaine entered Marina's system. ECF No. [95] at 11. But "[f]or a dispute to be 'genuine,' 'there must be more than some metaphysical doubt as to the material facts.'" *Beasley*, 2022 WL 17819168, at *2 (quoting *Dean-Mitchell v. Reese*, 837 F.3d 1107, 1111 (11th Cir. 2016)). Plaintiff's argument that Marina died from something other than her willful ingestion of narcotics "is not based on the evidence but is pure conjecture and speculation." *Id.* (quotation marks omitted).

Finally, the Court is not convinced by Plaintiff's reliance on *Pride of St. Lucie Lodge 1189, Inc. v. Reed*, 306 So.3d 115 (Fla. 4th DCA 2020). The decedent in that case committed a felony while fighting in a parking lot, but then he was subsequently shot while sitting in a vehicle. *Id*. at 117. The Fourth District Court of Appeal concluded that § 768.075(4) did not apply because the

decedent was not "actively engaged in the commission of or attempted commission of a felony at the time the injuries are sustained." *Id*. at 118.

Here, by contrast, there is no evidence indicating a temporal lapse between Marina's felonious possession of drugs, her ingestion, and her overdose. She was in felonious possession of narcotics while she was ingesting them, and her ingestion caused her death. Accordingly, her injuries were sustained "in the commission or attempted commission of a felony." *Id.* at 117.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration **ECF No. [97]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 6, 2023.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record